IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TRAVIS TORGERSON, #12121506, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:21-cv-390-JDK-JDL |
| § | |
| HENDERSON COUNTY, et al., § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Travis Torgerson, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court is Defendant the Texas Commission on Jail Standards' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 34. On April 6, 2022, Judge Love issued a Report and Recommendation recommending that the Court grant Defendant's motion and dismiss Plaintiff's claims against the Commission without prejudice for lack of subject matter jurisdiction. Docket No. 44. Plaintiff filed timely objections. Docket No. 52.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

However, a party objecting to a magistrate judge's report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the district judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the report do not justify de novo review. *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Here, Plaintiff's objections are conclusory and merely rehash his arguments concerning conditions of confinement. Plaintiff states that the Court "most [definitely]" has jurisdiction given the alleged conditions at the jail. Plaintiff also requests a private investigator. Accordingly, because Plaintiff's objections generally restate his underlying claims and fail to specify the portions of the Report he objects

to, the Court overrules Plaintiff's objections. *See Searcy v. Trochesset*, 2021 WL 2673776, at *2 (S.D. Tex. June 14, 2021) (explaining that the plaintiff cannot sue the Texas Commission on Jail Standards, as agencies or instrumentalities of the State of Texas as "are immune from suit under the Eleventh Amendment.").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 44) as the opinion of the District Court. The Court hereby **GRANTS** the Texas Commission on Jail Standards' motion to dismiss (Docket No. 34) and **DISMISSES** Plaintiff's claims against the Commission without prejudice.

So **ORDERED** and **SIGNED** this **22nd** day of **April, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE