IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **TRAVIS TORGERSON, #12121506,** § § § | |
| **Plaintiff,** § § | |
| **v.** § § § | **CIVIL ACTION NO.  6:21-CV-00390-JDK-JDL** |
| **HENDERSON COUNTY, ET AL.** § § § | |
| **Defendants.** § § § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendants Henderson County Sheriff's Deputy William Thornton, the Henderson County District Attorney's Office, the Henderson County Sheriff's Office, Henderson County Sheriff Botie Hillhouse, and Henderson County Jail Captain Cody Barnett's motion to dismiss. (Doc. No. 32.) Plaintiff Travis Torgerson, a prisoner confined at the Byrd Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights action alleging a Fourth Amendment search and seizure claim and an Eighth Amendment cruel and unusual punishment claim. (Doc. No. 5.) Defendants have moved to dismiss the claims against the Sheriff's Office and the District Attorney's Office because they are not jural entities and therefore are not amenable to suit. (Doc. No. 32, at 3.) Defendants further move that the rest of Plaintiff's claims should be dismissed because they are barred by *Heck v. Humphrey*. *Id*. at 5.

Having considered Defendants' motion (Doc. No. 32) and the record before the court, the court **RECOMMENDS** that Defendants' motion (Doc. No. 32) be **GRANTED IN-PART** and

**DENIED IN-PART.** The court **RECOMMENDS** that Plaintiff's claim against the Henderson County Sheriff's Office and the Henderson County District Attorney's Office be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

The court further **RECOMMENDS** that Plaintiff's unlawful search and seizure claims be dismissed, **WITH PREJUDICE**, until the *Heck* conditions are met. Moreover, the court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's cruel and unusual punishment claim be **DENIED**. The court further **RECOMMENDS** that Plaintiff's Texas Tort Claims Act claim remain pending before the court. The court finally **RECOMMENDS** that Plaintiff's harassment claim be **DISMISSED**, with prejudice, for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated the instant lawsuit on August 13, 2021, in the Northern District of Texas. (Doc. No. 3.) On August 31, 2021, Plaintiff filed an amended complaint (Doc. No. 5), which currently serves as the live and operative pleading in this case. On October 5, 2021, the case was transferred to this district and thereafter referred to the undersigned. (Doc. Nos. 9, 11.)

In his amended complaint, Plaintiff states that on July 21, 2021, he was unlawfully stopped on State Highway 175 by state authorities—Investigator Thorton, and multiple Henderson County sheriffs. (Doc. No. 5, at 4.) Plaintiff claims that Thorton allowed an unlicensed driver to drive his vehicle, which resulted in a traffic accident and thousands of dollars of damages. *Id*.

Plaintiff also alleges that his home and vehicle were searched and seized based upon an unlawful warrant. *Id*. at 6. Plaintiff claims that the warrant was based on an "attempt to construe[] claims of impersonating a[n] officer and possession of firearm, which both are filled with false

and misleading info." *Id*. Plaintiff states that Thorton and the sheriff's department failed to follow procedure and violated Plaintiff's due process rights. Plaintiff also claims that the District Attorney's Office issued invalid arrest warrants. *Id*.

Further, Plaintiff complains of the conditions at Henderson County Jail. *Id*. Plaintiff alleges that Sheriff Botie Hillhouse and Captain Cody Barnett are keeping Plaintiff in cruel and unusual conditions and torturing him. *Id*. Specifically, Plaintiff states that there are rusty metals in food port areas, on tabletops, and bunks, that there is no footing for top bunk access, and that food does not meet the nutritional value. *Id*. Plaintiff also alleges that he was forced to stay naked in freezing cold conditions for hours while the laundry was done. *Id*.

Plaintiff seeks relief for damages to his truck in the amount of $30,000; he seeks all documents related to the warrants related to his case, body camera footage and dashcam footage, for the state prosecutor to step down, for all charges to be dropped against him, for information to be given to the press and media, for all the Defendants to be removed from their positions, and for damages in the amount of $100,000,000. *Id*. at 7–8.

## LEGAL STANDARD

When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*.

at 555. The Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*. at 678.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id*.; *see also Rios v. City of Del Rio, Tex*., 444 F.3d 417, 421 (5th Cir. 2006).

## DISCUSSION

Defendants first argue that the Henderson County Sheriff's Office and the Henderson County District Attorney's Office are not jural entities, and thus are not amenable to suit. (Doc. No. 32, at 3–5.) Second, Defendants argue that the rest of Plaintiff's claims are barred by *Heck v. Humphrey*. *Id*.

Plaintiff responds that *Heck* does not bar his claims because he was found not guilty by a jury on the charge of impersonating a peace officer. (Doc. No. 38, at 1.) Plaintiff also states that the "not guilty" finding establishes a separate legal existence for the Henderson County Sheriff's Office and the Henderson County District Attorney's Office, making them amenable to suit. *Id*. at 2. Defendants reply that Plaintiff was charged on three counts related to the incident of impersonating a peace officer, and that a jury found Plaintiff guilty on two of the three counts. (Doc. No. 40, at 2.) Thus, Defendants argue that Plaintiff's claims are barred by *Heck*. *Id*.

On April 14, 2022, Plaintiff filed another "objection to Defendants' motion to dismiss," which the court will consider a sur-reply. (Doc. No. 49.) In the sur-reply, Plaintiff claims that he has "multiple supportive records, videos, books, and tangible items to display merit" that Defendants were aware of the poor jail conditions, that they conspired against him, and that they violated policy. *Id*. at 1–2. Further, Plaintiff claims that Defendants have been found guilty of illegal search and seizure by District Judge Robert Scott Mckee, who granted a motion to suppress. *Id*. at 2.

### A. Non-Jural Status of The Henderson County Sheriff's Office and the Henderson County District Attorney's Office

Defendants argue that the Henderson County Sheriff's Office and the Henderson County District Attorney's Office are not jural entities, and thus cannot be sued. (Doc. No. 32, at 3–4.) Defendants state that unless Henderson County took explicit steps to grant the Sheriff's Office and the District Attorney's Office jural authority, "the agency cannot engage in any litigation except in concert with the government itself." *Id*. at 4. Defendants further state that Plaintiff has not pleaded any facts which would show that Henderson County granted the Sheriff's Office and the District Attorney's Office the capacity to engage in separate litigation. *Id*. at 4. Thus, Defendants

5

argue that Plaintiff's claims against these two Defendants must be dismissed for failure to state a claim upon which relief may be granted.

Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued. Fed.R.Civ.P. 17(b). A department of a local government entity must "enjoy a separate legal existence" to be subject to a lawsuit. *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991). Accordingly, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* An entity's capacity to sue or be sued "shall be determined by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). In this case, that law is the law of Texas.

Here, the Henderson County Sheriff's Office and the Henderson County District Attorney's Office are government entities. Accordingly, the State of Texas or an authorized political subdivision must have granted them authority to be sued if this lawsuit is to proceed. *See Darby*, 939 F.2d at 313. The Fifth Circuit has held that Texas law does not allow municipal police departments and county district attorney's offices to be sued directly. *See id*. at 313–14; *Barrie v. Nueces Ctny. Dist. Attorney's Off.*, 753 App'x 260, 264 (5th Cir. 2018).

Furthermore, Plaintiff does not allege that Henderson County or the State of Texas has provided any jural authority to the Henderson County Sheriff's Office or the Henderson County District Attorney's Office to engage in litigation. Plaintiff's argument that the not guilty verdict establishes a separate legal existence for the Henderson County Sheriff's Office and the Henderson County District Attorney's Office is incorrect. Therefore, the Henderson County Sheriff's Office and the Henderson County District Attorney's Office cannot be sued in their own name, and the court **RECOMMENDS** that Plaintiff's claim against the Henderson County Sheriff's Office and

the Henderson County District Attorney's Office be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Darby*. 939 F.2d at 313; *see also Cornelius v. Henderson Cnty. Sheriff's Off*., No. 6:13CV316, 2014 WL 651955, at *4 (E.D. Tex. Feb. 18, 2014) (finding that the Henderson County Sheriff's Office is not a jural entity and thus cannot be sued.)

### B. *Heck v. Humphrey*

Defendants also argue that Plaintiff's claims violate the *Heck* doctrine. (Doc. No. 32, at 5.) Defendants state that "Plaintiff's claims appear to arise from the arrest and subsequent incarceration for crimes related to his impersonation of a peace officer." *Id*. Defendants argue that since Plaintiff's complaints are based upon the charges of impersonating a peace officer and the incident related to this, the *Heck* doctrine should bar Plaintiff's claims. *Id*. at 6.

Plaintiff filed a response in which he argues that his claims are not barred by *Heck* because a jury found him not guilty of impersonating a peace officer. Plaintiff attaches a verdict form for state case number CR21-0932-392, which states that the jury found Plaintiff not guilty of impersonating a police officer. (Doc. No. 38-1.)

Defendants reply that Plaintiff was found guilty and convicted of two of the three related counts upon which this litigation is based. (Doc. No. 40, at 2–3.) Defendants argue that it is irrelevant that Plaintiff was found not guilty on one of the counts because Plaintiff was convicted on two of the three counts which are related to Plaintiff's claims in this case. *Id*. at 2. Defendants attach exhibits of the judgments from all three counts, which show an acquittal by the jury on one count for impersonating a peace officer, a conviction by the jury for false ID as a police officer, and a conviction by the jury for impersonating a public servant. (Doc. No. 40-1.) Defendants argue that "Plaintiff's claims in this lawsuit are fully and finally barred by the *Heck* Doctrine." (Doc. No. 40, at 2.)

7

Plaintiff filed a sur-reply claiming that Defendants have been found guilty of illegal search and seizure by District Judge Robert Scott Mckee, who granted a motion to suppress. (Doc. No. 49 at 2.) In *Heck*, the Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Heck v. Humphrey,* 512 U.S. 477, 486 (1994). The Court further explained that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. The Fifth Circuit has addressed *Heck* claims in this manner:

> It is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486–87).

Here, then, the question becomes whether a judgment on Plaintiff's unlawful search and seizure claim and his cruel and unusual punishment claim(s) regarding the jail conditions would necessarily imply the invalidity of Plaintiff's conviction for impersonating a peace officer and false ID as a police officer. As explained below, the answer is yes as to the search and seizure claim and no as to the cruel and unusual punishment claim.

      i.)      <u>Unlawful Search and Seizure Claim</u>

Plaintiff states that the officers' search and seizure of his home and vehicle were unlawful because they were based on an invalid warrant, which falsely stated that Plaintiff impersonated a police officer. (Doc. No. 5, at 6.) If Plaintiff proves that the officers unlawfully searched his home due to a false warrant, which stated that Plaintiff impersonated a police officer, his convictions for impersonating a peace officer and false ID as a police officer could not stand. Therefore, a judgment in Plaintiff's favor would call into question the search and seizure—and thus Plaintiff's subsequent convictions. In other words, Plaintiff's insistence that the search was unlawful could not co-exist with Plaintiff's conviction for impersonating a peace officer and false ID as a police officer—thereby rendering his unlawful search and seizure claim barred by *Heck*. *See Blenman v. Dover Police Dep't*, 214 F. Supp. 3d 261, 265 (D. Del. 2016) (finding that Plaintiff's Fourth Amendment invalid search warrant claim was barred by *Heck* because "plaintiff's constitutional claims challenging the three *nolle prossed* charges would necessarily imply the invalidity of plaintiff's convictions and sentences on the two felony charges for possession of a firearm by person prohibited."); *Wallace v. City of Chicago*, 440 F.3d 421, 428 (7th Cir. 2006), *aff'd sub nom*. *Wallace v. Kato*, 549 U.S. 384 (2007) (stating that even though many search and seizure claims will not necessarily render a conviction invalid and therefore not be barred by *Heck*, an unlawful search and seizure claim will be *Heck* barred when "the fact of a Fourth Amendment violation is an element of the claim," such as a "plaintiff convicted of resisting arrest who challenges legality of arrest.")

The situation in the present case is *Heck* barred because Plaintiff's argument is based upon the warrant being invalid due to false claims that Plaintiff was impersonating a peace officer. Therefore, just as a plaintiff who challenges the legality of his arrest after being convicted of

9

resisting arrest is *Heck* barred, Plaintiff is *Heck* barred because his conviction could not co-exist with his allegations of the false warrant. A judgment in Plaintiff's favor—wherein he claims that the search and seizure was illegal—could not co-exist with Plaintiff's conviction for impersonating a peace officer, which was based upon the warrant that Plaintiff claims is invalid. Thus, the court **RECOMMENDS** that the unlawful search and seizure claims against Investigator Thorton be dismissed, **WITH PREJUDICE**, until the *Heck* conditions are met.

      ii.)    <u>Cruel and Unusual Punishment Claim</u>

However, Plaintiff's cruel and unusual punishment claim regarding the jail conditions is not barred by *Heck*. Conditions at a jail have nothing to do with Plaintiff's conviction. Plaintiff states that after he was arrested and taken to Henderson County Jail, he was "detained in a cruel and unusual environment and tortured by department staff," Sheriff Botie Hillhouse, and Captain Cody Barnett. (Doc. No. 5, at 6.) Specifically, Plaintiff claims that there are rusty metals in food port areas, on tabletops, and bunks, that there is no footing for top bunk access, and that food does not meet the nutritional value. Plaintiff also alleges that he was forced to stay naked in freezing cold conditions for hours while the laundry was done. *Id*.

If Plaintiff proves that he was subjected to the alleged jail conditions, this would not undermine his convictions for impersonating a peace officer and false ID as a police officer. The conditions of the jail and Plaintiff's conviction for impersonating a peace officer and false ID as a police officer are completely unrelated. Thus, the court finds that Defendants' motion to dismiss Plaintiff's cruel and unusual punishment claim is **DENIED**.

### C. Texas Tort Claims Act and Harassment Claims

i.) Texas Tort Claims Act

Plaintiff states that after he was pulled over on highway 175 and detained, Thorton allowed an unlicensed driver to drive Plaintiff's vehicle, which resulted in a traffic accident and thousands of dollars of damages. (Doc. No. 5, at 4.) Since the court reads a *pro se* Plaintiff's complaint liberally and holds it to less stringent standards, the court finds that Plaintiff has stated a claim under the Texas Tort Claims Act. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"Under the common-law doctrine of sovereign immunity, a municipality is immune from tort liability for its own acts or the acts of its agents unless the Texas Tort Claims Act waives immunity." *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). The TTCA waives sovereign immunity in certain circumstances. *Holland v. City of Houston*, 41 F. Supp. 2d 678, 710 (S.D. Tex. 1999). The TTCA states that:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by the condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. "For a governmental entity to be held liable for the acts of its employee under the TTCA: (1) the claim must arise under one of three specific

areas of liability; and (2) the claim must not fall within an exception to the waiver of sovereign immunity." *Holland*, 41 F. Supp. 2d at 710. Even though Plaintiff does not state that the unlicensed driver was a state employee, the court shall assume that the unlicensed driver was employed by Henderson County at this time as Defendants have not put forth any evidence as to the identity of the driver in their motion to dismiss. Further, Plaintiff has alleged that the unlicensed driver caused damage to his personal property, thus satisfying the requirements of the TTCA.

Defendants have not addressed the TTCA claim in their motion, thus, they have failed to meet their burden to resolve the TTCA claim. *See Cantu v. Guerra*, No. SA20CV0746JKPHJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021) (stating that, "when the movant presents "no argument or authority for the plaintiffs to refute or this Court to consider," the movant has failed to carry its burden.") Thus, the TTCA claim asserted against Henderson County remains before the court.

### ii.) Harassment Claim

Plaintiff also states that on July 21, 2021, he was unlawfully stopped by Thorton and multiple Henderson County Sheriffs on highway 175. (Doc. No. 5, at 4.) Plaintiff states that after he was pulled over, the Henderson County sheriffs threatened and harassed him about a prior lawsuit he had filed. *Id*.

However, mere threatening language or comments do not rise to the level of a constitutional violation. *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("[M]ere threatening language and gestures of a custodial office do not, even if true, amount to constitutional violations."); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (stating that a sheriff's comments that he will hang the prisoner are not sufficient to state a constitutional deprivation

12

under 42 U.S.C. § 1983.). Thus, the court finds that Plaintiff's harassment allegations fail to state a claim upon which relief may be granted.

### iii.) Plaintiff's TTCA and Harassment Claims are not *Heck* Barred

Defendants move to dismiss all claims, claiming that they are *Heck* barred. (Doc. No. 32, at 5.) However, Plaintiff's TTCA claim and harassment claim are not *Heck* barred. According to the complaint, Plaintiff was pulled over on highway 175, at which time he claims that he was threatened for filing a lawsuit and Thorton allowed an unlicensed driver to drive Plaintiff's truck after Plaintiff was detained. (Doc. No. 5, at 4.) Plaintiff's statements indicate that this event was separate and distinct from when officers searched and seized items from Plaintiff's home and vehicle based upon the warrant that Plaintiff claims was false and misleading. Thus, since the highway 175 incident was separate and distinct from the search and seizure incident at Plaintiff's home, and was not based upon the warrant that Plaintiff claims was false, the court finds that the facts alleged regarding the highway 175 incident could co-exist with Plaintiff's conviction for impersonating a peace officer. Thus, the court finds that Plaintiff's TTCA and harassment claims are not barred by *Heck*. However, as discussed above, Plaintiff's harassment claim should be **DISMISSED**, with prejudice, for failing to state a claim upon which relief may be granted.

### CONCLUSION

For reasons expressed above, it is **RECOMMENDED** that Defendants' motion (Doc. No. 32) be **GRANTED IN-PART** and **DENIED IN-PART.** The court **RECOMMENDS** that Plaintiff's claim against the Henderson County Sheriff's Office and the Henderson County District Attorney's Office be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The court further **RECOMMENDS** that Plaintiff's unlawful search and seizure claims be dismissed, **WITH PREJUDICE**, until the *Heck* conditions are met.

Moreover, the court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's cruel and unusual punishment claim be **DENIED**. The court further **RECOMMENDS** that Plaintiff's Texas Tort Claims Act claim remain pending before the court. The court finally **RECOMMENDS** that Plaintiff's harassment claim be **DISMISSED**, with prejudice, for failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 26th day of April, 2022.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE