IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRAVIS TORGERSON, #12121506, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-390-JDK-JDL |
| HENDERSON COUNTY, et al., | § § § | |
| Defendants. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Travis Torgerson, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983 alleging a Fourth Amendment search and seizure claim and an Eighth Amendment cruel and unusual punishment claim. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants' motion to dismiss. Docket No. 32. On April 26, 2022, Judge Love issued a Report recommending that the Court grant in part and deny in part Defendants' motion. Docket No. 57. Judge Love recommended that Plaintiff's claim against the Henderson County Sheriff's Office and the Henderson County District Attorney's Office be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6); that Plaintiff's unlawful search and seizure claims be dismissed with prejudice until the *Heck* conditions are met; that Defendants' motion to dismiss Plaintiff's cruel and unusual punishment claim be denied; that Plaintiff's

Texas Tort Claims Act claim remain pending before the court; and that Plaintiff's harassment claim be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff generally complains about his arrest and conviction. Docket No. 71 at 1–4. Plaintiff also attaches several documents related to his arrest and conviction, including a judgment of acquittal. *Id.* at 13. Defendants responded to Plaintiff's objections, arguing that Plaintiff has not made any specific objections to the Magistrate's Report. Docket No. 73 at 2–4. Defendants also argue that even if Plaintiff has adequately objected, Plaintiff failed to show that the Magistrate Judge erred in his Report. *Id.* at 3.

To the extent that Plaintiff objects to the Magistrate Judge's finding that Plaintiff's unlawful search and seizure claim is *Heck* barred by attaching the judgment of acquittal (Docket No. 71 at 13), such objection fails. As explained in Judge Love's Report, even though Plaintiff was acquitted on one count related to impersonating a peace officer, Plaintiff was convicted on two other counts related to the same incident for which he complains: false ID as a police officer and

impersonating a public servant. Docket No. 40-1; Docket No. 57 at 7. Thus, Plaintiff's objection is without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 57) as the opinion of the District Court. Therefore, it is **ORDERED** that Defendants' motion (Docket No. 32) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's claim against the Henderson County Sheriff's Office and the Henderson County District Attorney's Office is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's unlawful search and seizure claims are **DISMISSED** with prejudice until the *Heck* conditions are met. Defendants' motion to dismiss Plaintiff's cruel and unusual punishment claim is **DENIED**. Plaintiff's Texas Tort Claims Act claim remains pending before the court. Finally, Plaintiff's harassment claim is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

So **ORDERED** and **SIGNED** this **14th** day of **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE