## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **TRAVIS TORGERSON, #12121506,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 6:21-CV-00390-JDK-JDL** |
| § | |
| **HENDERSON COUNTY, ET AL.** § | |
| § | |
| **Defendants.** § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the court is Defendants' motion for summary judgment for failure to exhaust administrative remedies (Doc. No. 47) and Plaintiff's response (Doc. No. 70). Plaintiff Travis Torgerson, a prisoner confined at the Choice Moore Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights action on August 13, 2021 (Doc. No. 3) and filed an amended complaint on August 31, 2021 (Doc. No. 5).

For the reasons explained below, the court **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** for the failure to exhaust administrative remedies.

### BACKGROUND

Plaintiff, proceeding *pro se*, initiated the instant lawsuit on August 13, 2021, in the Northern District of Texas. (Doc. No. 3.) On August 31, 2021, Plaintiff filed an amended complaint (Doc. No. 5), which currently serves as the live and operative pleading in this case. On October 5,

1

2021, the case was transferred to this district and thereafter referred to the undersigned. (Doc. Nos. 9, 11.)

In his amended complaint, Plaintiff states that on July 21, 2021, he was unlawfully stopped on State Highway 175 by state authorities—Investigator Thorton, and multiple Henderson County sheriffs. (Doc. No. 5, at 4.) Plaintiff claims that Thorton allowed an unlicensed driver to drive his vehicle, which resulted in a traffic accident and thousands of dollars of damages. *Id*. Plaintiff also alleges that his home and vehicle were searched and seized based upon an unlawful warrant that stated that Plaintiff was impersonating a peace officer. *Id*. at 6.

Further, Plaintiff complains of the conditions at Henderson County Jail. *Id*. Plaintiff alleges that Sheriff Botie Hillhouse and Captain Cody Barnett are keeping Plaintiff in cruel and unusual conditions and torturing him. *Id*. Specifically, Plaintiff states that there are rusty metals in food port areas, on tabletops, and bunks, that there is no footing for top bunk access, and that food does not meet the nutritional value. *Id*. Plaintiff also alleges that he was forced to stay naked in freezing cold conditions for hours while the laundry was done. *Id*.

Plaintiff brought suit against Defendants the Texas Commission on Jail Standards, Henderson County Sheriff's Deputy William Thornton, the Henderson County District Attorney's Office, the Henderson County Sheriff's Office, Henderson County Sheriff Botie Hillhouse, and Henderson County Jail Captain Cody Barnett. (Doc. No. 5.) On February 14, 2022, Defendant the Texas Commission on Jail Standards filed a motion to dismiss for lack of subject matter jurisdiction (Doc. No. 34), which the court granted (Doc. No. 44). All other Defendants filed a separate motion to dismiss, arguing that the Henderson County District Attorney's Office and the Henderson County Sheriff's Office could not be sued because they are non-jural entities, and that Plaintiff's claims should be *Heck* barred. (Doc. No. 32.)

On April 26, 2022, the court found that Plaintiff's claims against the Henderson County District Attorney's Office and the Henderson County Sheriff's Office should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), that the unlawful search and seizure claim should be dismissed because it is *Heck* barred, and that Plaintiff's harassment claim should be dismissed for failure to state a claim (Doc. No. 57; 74.) The court also found that Plaintiff had pled a claim under the Texas Tort Claims Act against Henderson County. (Doc. No. 57; 74.)  Finally, the court found that Plaintiff's cruel and unusual punishment claim regarding the jail conditions was not barred by *Heck*. (Doc. No. 57; 74.) Thus, the remaining claims before the court are the Texas Tort Claims Act claim asserted against Henderson County, and the cruel and unusual punishment claim asserted against Sheriff Botie Hillhouse and Captain Cody Barnett.

Defendants have filed a motion for summary judgment for Plaintiff's failure to exhaust administrative remedies related to this suit. (Doc. No. 47.) Plaintiff filed a response stating that he has exhausted administrative remedies. (Doc. No. 70.)

## LEGAL STANDARD

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).  The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v.*

*Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

**DISCUSSION**

Defendants argue that Plaintiff failed to properly exhaust administrative remedies regarding his civil rights claims prior to filing the instant suit. (Doc. No. 47.) Plaintiff responds that he did exhaust administrative remedies and attaches exhibits containing a multitude of grievances he filed while at the Henderson County Jail. (Doc. No. 70; 70-1.)

A review of the summary judgment evidence in this case, viewed in light most favorable to Plaintiff, shows that the evidence before the court could not lead to different factual findings and conclusions. In other words, summary judgment is appropriate. The court finds that the summary judgment evidence reveals that Plaintiff failed to exhaust administrative remedies regarding the cruel and unusual punishment claim prior to filing this lawsuit in federal court.

It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The purpose of the prison exhaustion requirement is to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *See Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009); *see also Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (explaining that the primary purpose of a grievance is to

give prison officials fair opportunity to address the problem that will later form the basis of the lawsuit); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (interpreting the exhaustion requirement in light of its purpose, which "include the goal of giving officials time and opportunity to address complaints internally.") (internal quotations and citation omitted).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Court subsequently held that exhaustion is mandatory, and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90–91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). It was noted that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. In light of *Jones v. Bock*, the Fifth Circuit provided guidance concerning how the exhaustion question should be handled in *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010). The following procedures were outlined:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Id.* at 272–73. A prisoner's failure to exhaust certain claims before filing suit in federal court is fatal to those unexhausted claims only. *See Jones*, 549 U.S. at 924 ("There is no reason failure to exhaust on one [claim] necessarily affects any other.").

Here, the summary judgment evidence reveals that Henderson County Jail has a grievance procedure for inmates seeking to exhaust their administrative remedies which is detailed in the Henderson County Jail's handbook ("handbook"). (Doc. No. 47-1, at 25; Doc. No. 47-2, at 2-3.) The handbook states that if an inmate wishes to file an official grievance, he can do so by submitting an "official grievance form," in writing, to a staff member, who will forward it to the Captain. (Doc. No. 47-1, at 25.) The handbook also states that all grievances will be responded to within 15 days and can be appealed to the Major by submitting a written appeal within 5 days of the grievance decision. *Id*. The handbook states that "[a]ll decisions of the Sheriff on appeals are final." *Id*. Thus, for an inmate to exhaust administrative remedies, they must appeal the grievance to the Sheriff. Plaintiff signed a form acknowledging that he received a copy of the handbook. (Doc. No. 47-1, at 35.)

The summary judgment evidence contains an affidavit from Botie Hillhouse, Sheriff of Henderson County and keeper of the Henderson County Jail. (Doc. No. 47-2.) In the affidavit, Hillhouse attests that he reviewed Plaintiff's grievance record and Plaintiff "did not appeal any grievances to [Sheriff Hillhouse] regarding the matters about which [Plaintiff] complains in his lawsuit before he filed litigation." *Id*. Thus, Hillhouse states that Plaintiff never exhausted his administrative remedies because he never completed the appellate process. *Id*.

Plaintiff filed a response in which he states that he exhausted his administrative remedies and attaches exhibits of grievances submitted. (Doc. No. 70-1.) The grievances appear as typed out messages that are then responded to by different Jail employees. *Id*. The only grievances that

7

were resolved by Sheriff Hillhouse are completely unrelated to Plaintiff's claims of poor conditions in the jail. *See* Doc. No. 70-1, at 38; 39-41;42; 44-45; 47.

Thus, the summary judgment evidence submitted by Plaintiff supports Sheriff Hillhouse's statement that Plaintiff never appealed any grievances to him related to this suit. The court finds that because Plaintiff failed to appeal his jail conditions claim to Sheriff Hillhouse, he failed to exhaust his administrative remedies regarding his jail conditions claim. *See Wilson v. Lynn*, No. 6:18CV225, 2019 WL 4052486, at *2 (E.D. Tex. July 31, 2019) (stating that, "[u]nder the grievance plan for the Henderson County Jail, prisoners may file grievances to complain of unjust denials or restrictions of privileges, prohibited actions by facility staff, criminal acts, or violations of civil rights. Decisions on grievances may be appealed to the sheriff, whose decision is final.") The court finds that summary judgment on the issue of exhaustion should be granted regarding the cruel and unusual punishment claim.

As to the remaining Texas Tort Claims Act claim, the court *sua sponte* addresses its subject matter jurisdiction and declines to exercise supplemental jurisdiction. Because the court has recommended dismissing all claims over which it has original jurisdiction, the court recommends declining to exercise supplemental jurisdiction over the remaining Texas Tort Claims Act claim. 28 U.S.C. § 1367(c)(3); *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed").

Consideration of the relevant factors of judicial economy, convenience, fairness, and comity, particularly in light of the early stage of this case, suggests against this court's exercise of pendant jurisdiction over the Texas Tort Claims Act claim. The court's recommended dismissal of

Plaintiff's federal section 1983 claims supports such conclusion. Consequently, the district court should decline to exercise supplemental jurisdiction over Plaintiff's Texas Tort Claims Act claim, and the claim should be dismissed without prejudice, with the statute of limitations suspended for 30 days following the date of dismissal. 28 U.S.C. §1367(d).

## CONCLUSION

For the reasons stated herein, it is **RECOMMENDED** that Defendants' motion for summary judgment (Doc. No. 47) be **GRANTED** and that Plaintiff's cruel and unusual punishment claim be **DISMISSED**, without prejudice, for the failure to exhaust administrative remedies. Further, it is **RECOMMENDED** that Plaintiff's Texas Tort Claims Act claim be **DISMISSED,** without prejudice, and that the statute of limitations be suspended for 30 days following the date of dismissal.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of August, 2022.**

9

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE