**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

|  |  |  |
|---|---|---|
| TRAVIS TORGERSON, #12121506, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-390-JDK-JDL |
| HENDERSON COUNTY, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Travis Torgerson, a Texas Department of Criminal Justice prisoner proceeding pro se, filed this civil rights action on August 12, 2021, and filed an amended complaint on August 31, 2021. This case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Before the Court is Defendants' motion for summary judgment for failure to exhaust administrative remedies. Docket No. 47. On August 1, 2022, Judge Love issued a Report recommending that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's cruel and unusual punishment claim without prejudice for the failure to exhaust administrative remedies. Judge Love also recommended that Plaintiff's Texas Tort Claims Act claim be dismissed without prejudice, and that the statute of limitations be suspended for 30 days following the date of dismissal. Docket No. 83.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues that he properly exhausted administrative remedies.  Docket No. 89.  Specifically, Plaintiff claims that he appealed his grievances regarding jail conditions to Sheriff Botie Hillhouse and cites to page 29 of his exhibits.  *Id*. at 2.  Plaintiff also argues that he appealed his jail conditions grievance to Captain Cody Barnett and Major David Fraught.  *Id*.

Plaintiff's objections are without merit.  Page 29 of Plaintiff's exhibits shows that he appealed the jail conditions grievance to Sheriff Hillhouse on October 20, 2021, more than two months after he filed his case in federal court.  Docket No. 89-1 at 29.

Further, as explained in Judge Love's Report, the Henderson County Jail's grievance procedure requires inmates to appeal grievances to the sheriff in order to exhaust administrative remedies, and Plaintiff has not submitted any evidence showing that he appealed his jail conditions grievance to Sheriff Hillhouse before filing the instant suit.  Docket No. 83 at 7–8.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.  Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 83) as the opinion of the District Court.

The Court hereby **GRANTS** Defendants' motion for summary judgment, (Docket No. 47) and **DISMISSES** Plaintiff's claim concerning cruel and unusual punishment without prejudice for the failure to exhaust administrative remedies and **DISMISSES** Plaintiff's claim under the Texas Tort Claim Act without prejudice.  The applicable statute of limitations is suspended for thirty days following the date of dismissal.  28 U.S.C. § 1367(d).

So **ORDERED** and **SIGNED** this **25th** day of **August, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE